# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORI COHAN, Derivatively on Behalf of CROWDSTRIKE HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE KURTZ, BURT W. PODBERE, ROXANNE S. AUSTIN, CARY J. DAVIS, JOHANNA FLOWER, SAMEER K. GANDHI, DENIS J. O'LEARY, LAURA J. SCHUMACHER, GODFREY R. SULLIVAN, and GERHARD WATZINGER, <br><br> Individual Defendants, <br> -and- <br><br> CROWDSTRIKE HOLDINGS, INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. 1:25-cv-00443-JLH |

## STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS

WHEREAS, on April 9, 2025, Plaintiff Nori Cohan ("Plaintiff") filed the above-captioned stockholder derivative action (the "Derivative Action"), on behalf of nominal defendant CrowdStrike Holdings, Inc. ("CrowdStrike" or the "Company"), against individual defendants George Kurtz, Burt W. Podbere, Roxanne S. Austin, Cary J. Davis, Johanna Flower, Sameer K. Gandhi, Denis J. O'Leary, Laura J. Schumacher, Godfrey R. Sullivan, and Gerhard Watzinger (the "Individual Defendants" and, together with CrowdStrike, "Defendants");

WHEREAS, there is currently pending in the United States District Court for the Western District of Texas a related securities class action captioned *In re CrowdStrike Holdings, Inc. Securities Litigation*, Case No. 1:24-cv-00857-RP (the "Securities Class Action");

WHEREAS, there is currently pending in the United States District Court for the Western District of Texas a related, consolidated derivative action captioned *In re CrowdStrike Holdings, Inc. Derivative Litigation*, Case No. 1:24-cv-01031-RP (the "Consolidated Derivative Action"), which has been stayed pending resolution of the Securities Class Action;

WHEREAS, the facts and circumstances underlying the Derivative Action and the Securities Class Action are substantially similar, and some of the same individuals are defendants in both actions;

WHEREAS, this joint stipulation will promote the efficient and orderly administration of justice;

WHEREFORE, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. Defendants accept service of Plaintiff's complaint to the extent that service has not yet been perfected on any of the Defendants; provided, however, that the acceptance of service shall not waive any rights, claims, and defenses, other than a defense as to the sufficiency of service of process.

2. The Derivative Action shall be stayed until the earlier of the following events: (a) entry of a final judgment in the Securities Class Action, including after any appeals have been pursued and exhausted; or (b) lift of the stay in the Consolidated Derivative Action.

3. Defendants shall promptly notify Plaintiff upon becoming aware of the filing of any derivative action based upon substantially the same events and/or asserting substantially the same claims as the Derivative Action ("Additional Derivative Action").

4. Defendants shall promptly notify Plaintiff if any Additional Derivative Action is not stayed pursuant to the same terms as the stay of this Derivative Action. If any Additional Derivative Action is not stayed at all, Plaintiff may file a motion to lift the stay (which Defendants shall not oppose). If such Additional Derivative Action is stayed but under different terms and/or for a lesser duration than that set forth in Paragraph 2, Plaintiff may file a motion to modify the stay of this Derivative Action to conform to the terms of the stay of the Additional Derivative Action (which Defendants shall not oppose).

5. Notwithstanding the stay of this Derivative Action, Plaintiff may file an amended complaint; provided, however, Defendants need not answer or otherwise respond to the complaint (or any amended complaint) during the pendency of the stay.

6. The parties shall meet and confer and submit a proposed scheduling order to the Court within 14 days of the date that the stay is lifted.

7. This Order is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the parties in the Derivative Action.

| | |
|---|---|
| Dated: May 14, 2025 | Respectfully submitted, |

| | |
|---|---|
| **BIELLI & KLAUDER, LLC** | **RICHARDS, LAYTON & FINGER, P.A.** |
| /s/ *Ryan Ernst* | |
| Ryan M. Ernst (No. 4788) | */s/ Raymond J. DiCamillo* |
| 1204 N. King Street | Raymond J. DiCamillo (No. 3188) |
| Wilmington, DE 19801 | Blake Rohrbacher (No. 4750) |
| (302) 803-4600 | Rudolf Koch (No. 4947) |
| rernst@bk-legal.com | 920 North King Street |
| | Wilmington, Delaware 19801 |
| | dicamillo@rlf.com |
| | rohrbacher@rlf.com |
| | koch@rlf.com |
| **LEVI & KORSINSKY, LLP** | **KIRKLAND & ELLIS LLP** |
| Gregory M. Nespole | Sandra C. Goldstein, P.C. |
| Daniel Tepper | Kevin M. Neylan, Jr. |
| Correy A. Suk | Kirkland & Ellis LLP |
| Siddharth Kakkar | 601 Lexington Ave |
| 33 Whitehall Street, 17th Floor | New York, New York 10022 |
| New York, NY 10004 | |
| Telephone: (212) 363-7500 | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

5

IT IS SO ORDERED this _____ day of _____, 2025.

                                                                                            _____

                                                                                             Hon. Jennifer L. Hall

Case 1:25-cv-00443-JLH   Document 10   Filed 05/14/25   Page 5 of 5 PageID #: 344

5